|     |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| --- | ------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------- | ----------------------------------------------------------------------------------------------- |
| 1   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 2   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 3   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 4   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 5   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 6   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 7   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 8   |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 9   | **UNITED STATES DISTRICT COURT**                                                                                                                                                                                                                                                                                                                 |                                                                                                 |
| 10  |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 11  | **CENTRAL DISTRICT OF CALIFORNIA**                                                                                                                                                                                                                                                                                                               |                                                                                                 |
| 12  |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 13  |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 14  | NATIA SAMPSON,                                                                                                                                                                                                                                                                                                                                   |                                                                                                 |
| 15  | Plaintiff,                                                                                                                                                                                                                                                                                                                                       |                                                                                                 |
| 16  |                                                                                                                                                                                                                                                                                                                                                  |                                                                                                 |
| 17  | v.                                                                                                                                                                                                                                                                                                                                               |                                                                                                 |
| 18  | COUNTY OF LOS ANGELES, by and through THE LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES; PHILIP L. BROWNING, an Individual; NICOLE DAVIS, an Individual; KILENE SHORT, an Individual; AHMED OBAKHUME, an Individual; DAWNA YOKOYAMA, an Individual; GERALDO IBARRA, an Individual; and DOES 1 through 50, inclusive, Defendants.  | CASE NO. ED CV 17-0599-FLA (KSx) STIPULATED PROTECTIVE ORDER RE: DISCLOSURE OF JUVENILE CASE FILES FOR H.S. |

IT IS HEREBY STIPULATED by and among the parties hereto, through their respective outside counsel of record as follows:

1. **GENERAL**

    **1.1 Purposes and Limitations.**

    Discovery in this action is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

    **1.2 Good Cause Statement.**

This civil rights action arises out of a series of events that occurred in state juvenile dependency court. Specifically, Plaintiff Natia Sampson has asserted a claim under 42 U.S.C. §1983 against four Department of Children and Family Services ("DCFS") social workers—— Nicole Davis, Ahmed Obakhume, Dawna Yokoyama, and Geraldo Ibarra—alleging that these defendants violated her civil rights by retaliating against her for exercising her First Amendment rights in the course and scope of the dependency proceedings of Plaintiff's niece, H.S..

    The parties to this civil action, in preparation of their respective cases, require access to and copies of the juvenile case files in the underlying juvenile

dependency action (LASC Case No. CK80819). Plaintiff does not object to a court order allowing the parties to produce the juvenile case files as defined in Cal. Wel. & Inst. Code §827(e) and Cal. R. of Court, Rule 5.552.

The County of Los Angeles DCFS and Plaintiff Natia Sampson are both in possession of portions of the juvenile case files. However, California Welfare & Institutions Code, §827 provides that a juvenile's "case file" is "confidential" and may only be inspected by people identified in the statute or through a court order. See Cal. Wel. & Inst. Code §827. The term "juvenile case file" is defined by §827(e), which provides as follows: "For purposes of this section, a 'juvenile case file' means a petition filed in any juvenile court proceeding, reports of the probation officer, and all other documents filed in that case or made available to the probation officer in making his or her report, or to the judge, referee, or other hearing officer, and thereafter retained by the probation officer, judge, referee, or other hearing officer." Cal. Wel. & Inst. Code §827(e). Cal. R. of Court, Rule 5.552(a) defines the "juvenile case file" as: (1) All DOCUMENTS filed in a juvenile court case; (2) Reports to the court by probation officers, social workers of child welfare services programs, and CASA volunteers; (3) DOCUMENTS made available to probation officers, social workers of child welfare services programs, and CASA volunteers in preparation of reports to the court; (4) DOCUMENTS relating to a child concerning whom a petition has been filed in juvenile court that are maintained in the office files of probation officers, social workers of child welfare services programs, and CASA volunteers; (5) Transcripts, records, or reports relating to matters prepared or released by the court, probation department, or child welfare services program; and (6) DOCUMENTS, video or audio tapes, photographs, and exhibits admitted into evidence at juvenile court hearings.)

Given the confidential nature of juvenile case files, Welfare & Institutions Code §827 strictly limits the inspection and release of such files, as well as "any

portion thereof" and any "information relating to the content of the juvenile case file." Cal. Wel. & Inst. Code § 827(a)(4). To that end, Section 827 enumerates a list of limited persons who are authorized inspect a juvenile case file without a court order (Id., subd. (a)(1)(A)-(P)), and in turn provides that authorized person may not disclose information from the juvenile file to an unauthorized person without a court order. Id., subd. (a)(4). Persons not enumerated in the statute may only inspect such files "by court order of the judge of the juvenile court upon filing a petition." Id., subd. (a)(1)(Q). Rule 5.552 of the California Rules of Court and Rule 7. 2 of the Los Angeles Superior Court set forth the petition procedure.

The parties to this action have filed petitions in accordance with the petition procedure set forth in Rule 5.552 of the California Rules of Court and Rule 7. 2 of the Los Angeles Superior Court. Defendant's petition was filed in Los Angeles Superior Court on December 19, 2020. The petitions have not yet been granted. Due to severe backlog in the Los Angeles Superior Court, this petition process typically takes approximately one year, and sometimes more. Thus, at this time, records that are highly relevant to this litigation are unavailable from any source, other than the County of Los Angeles DCFS and Plaintiff Natia Sampson.

The Ninth Circuit has specifically recognized that in a civil rights action, the district court can order disclosure of a juvenile court file notwithstanding state law. Gonzalez v. Spencer, 336 F 3d 832, 835 (9th Cir. 2003). Although federal courts have found that Welfare & Institutions Code section 827 is not binding in federal lawsuits, federal courts should still weigh the needs of the case versus the State interest in and policy considerations of keeping the contents of the juvenile case file confidential when determining whether records should be disclosed in the federal action. Estate of Maldonado v. Sec'y of the Cal. Dep't of Corr. & Rehab., No. 2:06CV02696-MCE/GGH, 2007 U.S. Dist. LEXIS 91084, at *13-17 (E.D. Cal. Nov. 30, 2007); Van Horn v Hornbeak, No. 1:08CV1622 LJO DLB, 2010 U.S. Dist. LEXIS 147669, at *10-13 (E.D. Cal. Mar. 17, 2010); Doe No. 59

v. Santa Rose City Sch., No. 3:16-CV-012560WHO, 2017 U.S. Dist. LEXIS 29126, at *3-5 (N.D. Cal. Mar. 1, 2017).

Thus, in order to avoid further delay, in the interests of preserving resources and judicial economy, and with a good faith belief that disclosing the records meets the tests in Maldonado and Doe No. 59, *supra* (i.e., they are relevant to the instant action, there is a legitimate need for the records and they cannot be reasonably obtained from any source other than the County of Los Angeles DCFS and Plaintiff Natia Sampson, and the need of the disclosure outweighs the State interest and policy considerations of keeping the contents confidential), the parties hereby stipulate to disclose the portions of the juvenile case files that are within their possession, custody, possession, or control.

Pursuant to the procedures set forth herein, both Plaintiff and the County of Los Angeles DCFS shall produce all redacted documents, items, and information contained in its file for juvenile dependency case no. CK80819, and any documents, items, or information in its possession pertaining to any referrals involving any of the Plaintiff(s) in this action, to outside counsel of record including:

    a.    California Welfare & Institutions Code section 300 Petitions, original and all as-amended versions;

    b.    All pleadings and motions;

    c.    All Reports (e.g. Detention, Jurisdiction, Disposition, Addendum, Supplemental, "Last Minute Information," MAT Reports, etc.);

    d.    Minute orders, all other court orders;

    e.    All notices of hearings;

    f.    Any complete or portions of transcripts from hearings held before the juvenile court in Case No. CK58099, contained in DCFS's files;

    g.    Any letters from witnesses, therapists, social workers, family relatives of parent(s)/child(ren), collateral contacts, service providers, or

others;

 h. Any documents pertaining to shelter / foster care placement of the child(ren), including but not limited to foster care placement related evaluations (physical, medical, psychological) of the child(ren), x-rays, immunization records, medical charts and chart notes, etc.;

 i. All law enforcement reports;

 j. All Delivered Service Logs;

 k. All Detention/Jurisdiction/Supplemental/Investigative Information reports;

 l. All Last Minute Information Reports;

 m. All multi-disciplinary assessment team ("MAT") Reports;

 n. All medical and mental health records;

 o. All audio or video recordings; and,

 p. Any other information or documentation of any kind, nature, or sort, including emails, desired by any Party and contained within its files or retrievable from the Child Welfare Services Case Management System ("CWS/CMS") or any other computer system used by DCFS, and any and all other information, documents or tangible items (hereafter collectively referred to as "Protected Documents.").

Plaintiff shall also produce all Protected Documents in her possession and control to counsel for Defendants, pursuant to the procedures set forth herein.

In order to adequately protect the confidential information contained within the Protected Documents, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.

///

///

## 2. DEFINITIONS

**2.1** **Action:** *Sampson v. County of Los Angeles, et al.*, case No. 2:17-cv-00599-FLA (PJWx).

**2.2** **Challenging Party:** a Party or Non-Party that challenges the designation of information or items under this Order.

**2.3** **Designating Party:** a Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

**2.4** **Expert:** a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

**2.5** **House Counsel:** attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

**2.6** **Non-Party:** any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

**2.7** **Outside Counsel of Record:** attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, including support staff.

**2.8** **Party:** any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

**2.9** **Producing Party:** a Party that produces Protected Documents.

**2.10** **Professional Vendors:** persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

**2.11** **Protected Material:** See definition above in Good Cause Statement.

2.12 **Receiving Party:** a Party that receives Protected Documents from a Producing Party.

3. **SCOPE**

Any use of Protected Documents at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Documents at trial.

The Protected Documents will be disclosed to Outside Counsel of Record under the condition that the following information will be withheld and/or redacted:

(a) Information that is covered by the attorney-client or attorney work product privileges;

(b) Identifying information of minors other than H.S.;

(c) Identifying information of individuals who have reported suspected child abuse or neglect;

(d) Mental Health Information-Psychological Evaluations and Up Front Assessment;

(e) Medical Records;

(f) Live Scan/CLETS Results

(g) DCFS Case History relating to other parties

(h) Police Report

(i) Confidential Placement of child or parent

(j) Personal Identification Numbers

(k) Education Records (if the parent no longer has education rights)

(l) Adoption Records

Any court reporter presented with this order who recorded any proceedings in the aforementioned juvenile matter (Case No. CK58099), shall, at the expense of the requesting party, prepare a transcript of any proceeding for which a transcript is requested, and the requesting party shall pay the costs associated with the preparation of the transcript. Any transcripts thereafter generated will be

deemed Protected Documents and will be governed by this Order. The transcripts shall be mailed to the requesting party, and costs of mailing included in the request for payment by the court reporter. The non-requesting party shall pay the requesting party for the cost of duplication should they desire a copy of the transcript.

## 4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5. DESIGNATING PROTECTED DOCUMENTS

All documents produced by Plaintiff and the County of Los Angeles's DCFS, that compromise the Protected Documents will be clearly designated as "CONFIDENTIAL." The "CONFIDENTIAL" designation shall be placed on the printed pages of the Protected Documents in the footer or a manner that does not overwrite or make illegible the text of the document.

## 6. RESOLVING DISPUTES

Any disputes between the parties regarding the propriety of any redactions made and/or information/documents withheld from the production of the Protected Documents, shall be resolved pursuant to the procedures set forth in Central District of California Local Rule 37.

///
///
///

STIPULATED PROTECTIVE ORDER RE: DISCLOSURE OF
JUVENILE CASE FILES OF H.S.
9

## 7. ACCESS TO AND USE OF PROTECTED DOCUMENTS

**7.1** **Basic Principles.** A Receiving Party may use Protected Documents that are disclosed or produced by another Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Documents may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of the section below titled "FINAL DISPOSITION."

Protected Documents must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2** **Disclosure of Protected Documents**

The Protected Documents and all information contained therein, may only be disclosed with the above identified redactions to the following "qualified" persons:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the parties, the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient or subject of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and Outside Counsel of Record for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions;

(j) The court reporter, deposition officer, videographer, and audiographer, if any, who record all or part of any future deposition(s) in this matter.

## 9. UNAUTHORIZED DISCLOSURE OF PROTECTED DOCUMENTS

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Documents to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Documents, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 10. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTEDMATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

protection, the obligations of the Receiving Parties are those set forth in <u>Federal Rule of Civil Procedure 26(b)(5)(B)</u>. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

**11. MISCELLANEOUS**

    **11.1 Right to Further Relief.** Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    The parties do not waive their right to seek review, pursuant to <u>Federal Rule of Civil Procedure 72</u> of any order of the magistrate judge regarding disclosure of the Protected Documents.

    **11.2 Right to Assert Other Objections.** By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    **11.3 Filing Protected Material.** Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue; good cause must be shown in the request to file under seal.

    **11.4** Within 14 calendar days of this Order, Defendants shall serve a copy of this Order on the Los Angeles Superior Juvenile Court.

///

///

**12. FINAL DISPOSITION**

At the conclusion of this litigation, and expiration of all appeal periods, the receiving Parties and every other person and/or entity who received originals or copies of the Protected Documents shall destroy all such material and material derived there from - except as described below - within 30 calendar days after the conclusion of this case and expiration of all appeal periods. Materials or documents filed under seal and/or made part of the case record shall not be destroyed. Plaintiff - as an individual entitled to the juvenile records and/or documents without a court order under Cal. Welf. & Inst. Code, §827 - may opt to retain and/or keep the juvenile records and/or documents at the conclusion of the lawsuit.

**13. VIOLATION OF ORDER**

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

Plaintiff releases the County of Los Angeles, its officials, its employees, and its House Counsel from liability for producing or disclosing redacted juvenile case files to Outside Counsel of Record pursuant to this Stipulated Protective Order.

Plaintiff releases Outside Counsel of Record from liability for accessing or using in this Action the redacted juvenile case files that are produced or provided by the County of Los Angeles pursuant to this Protective Order.

Plaintiff's release shall not extend to any viewing, inspection, use, disclosure, or dissemination of unredacted juvenile case files or related records.

/ / /

/ / /

/ / /

/ / /

Plaintiff's release shall not extend to any viewing, inspection, use, disclosure, or dissemination of juvenile case files or related records or information of any nature whatsoever which occurred prior to the entry of this protective order.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: May 10, 2021

*Karen L. Stevenson*

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE